**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 2, 2011
Decided September 13, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 11-1609 | Appeal from the |
| | United States District Court |
| UNITED STATES OF AMERICA, | for the Northern District of Illinois, |
| *Plaintiff-Appellee,* | Eastern Division. |
| | |
| *v.* | No. 09-cr-283 |
| | |
| GREGORIO A. BALSECA-VEGA, | John F. Grady, |
| *Defendant-Appellant.* | *Judge.* |

Gregorio Balseca-Vega pleaded guilty to illegally reentering the United States after having been deported, *see* 8 U.S.C. § 1326(a), and was sentenced to 60 months' imprisonment based in part on the district court's mistaken belief about the length of time that he had evaded detection. Because the mistake may have prejudiced the court's sentencing determination, we reverse and remand for resentencing.

After two prior deportations (in 2000 and 2005), Balseca-Vega reentered the United States illegally sometime between June 2005 and March 2006. Shortly thereafter, he was convicted in Illinois state court of driving under the influence and sentenced to three years'

imprisonment. That conviction tipped off immigration authorities, and eight months after finishing his state sentence, he was charged with the present offense.

Balseca-Vega pleaded guilty, and the presentence report recommended a guidelines imprisonment range of 33 to 41 months, largely based on the 29 criminal-history points Balseca-Vega had accumulated (including six offenses in 2000, 2001, 2002, 2003, and 2008 related to driving under the influence or reckless driving). The judge concluded, however, that a within-range sentence would not be adequate to deter Balseca-Vega from illegally reentering the country again and sentenced him to 60 months' imprisonment. The judge noted Balseca-Vega's long criminal record and repeated illegal entries into the United States, and found his drunk-driving offenses "truly frightening." In reaching an above-range sentence for Balseca-Vega, the judge focused on "the extreme ease with which [Balseca-Vega] reenter[ed] the country illegally and blend[ed] into the environment"—an observation based on the judge's belief that Balseca-Vega had remained undetected for twelve years since his last reentry.

On appeal Balseca-Vega contends that the district court procedurally erred by assuming that he avoided detection for twelve years after his third, and most recent, reentry. At most, he says, that period of time was three years (he was deported in June 2005, and federal authorities learned of his presence in June 2008 when Immigration and Customs Enforcement officials interviewed him while in state custody). He argues that the district court's mistaken belief about the length of time he evaded detection was a significant factor in his above-guidelines sentence. He notes too that the district court memorialized this mistaken belief in its written statement of reasons for the sentence.

The government concedes that Balseca-Vega remained undetected for three years rather than twelve, but contends that the court's error was harmless. The government also notes that although Balseca-Vega evaded detection for only three years after his most recent entry, he has resided illegally in the United States for more than twelve years. According to the government, the "exact number of years" that Balseca-Vega remained undetected since his last reentry did not significantly affect the judge's analysis because the sentence was actually guided by the judge's concern that "Balseca-Vega hadn't learned from his past deportations [and] had successfully outwitted immigration authorities for years at a time on multiple occasions." Because Balseca-Vega was essentially a "habitual reenterer," the government suggests that his sentence would not be any different on remand.

We review claimed procedural sentencing errors de novo. *United States v. Aljabari*, 626 F.3d 940, 950 (7th Cir. 2010). Even where a district court commits procedural error, however, we will affirm the sentence if the error was harmless—that is, if the sentence

would not likely change on remand. *United States v. Anderson*, 604 F.3d 997, 1003 (7th Cir. 2010); *see also United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009).

The record does not support the government's contention that the "exact number of years" that Balseca-Vega remained undetected was an insignificant factor in the district court's sentencing decision. The judge said that he settled on Balseca-Vega's sentence by "tak[ing] into consideration the extreme ease with which [Balseca-Vega] reenter[ed] the country illegally and blend[ed] into the environment," making it "highly unlikely" that Balseca-Vega would be apprehended in "any brief period of time" if he reentered again. The judge specifically stated that "it took 12 years to find [Balseca-Vega]" and thus "[Balseca-Vega] has no reason to think that if he returns again, it won't take another 12 years." Balseca-Vega's ability to remain undetected for long periods gave him "as much incentive to return to this country now as he had on his two prior deportations." And the judge reiterated this rationale in his written statement of reasons, in which he explained that an above-range sentence was necessary because "[Balseca-Vega] has been living in the U.S. undetected since his third reentry 12 years ago and could reasonably expect equal success should he reenter the fourth time." On this record, the court's factual error cannot be considered harmless.

Accordingly, we VACATE the sentence and REMAND the case for resentencing.